**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, in its capacity as RECEIVER FOR INNOVATIVE BANK,<br><br>Plaintiff,<br>v.<br><br>DAVID HYUN, M.D. and CARDIOGRAFIX, INC.,<br><br>Defendants. | Case No.: 12-4749-PSG<br><br>**ORDER GRANTING SUMMARY JUDGMENT**<br><br>**(Re: Docket No. 14)** |

Plaintiff Federal Deposit Insurance Corporation, in its capacity as the receiver for Innovative Bank ("FDIC-R"), moves for summary judgment against Defendants Dr. David Hyun ("Hyun") and Cardiografix, Inc. ("Cardiografix") (collectively "Defendants"). Defendants have not opposed the motion. Having considered FDIC-R's motion, the court GRANTS summary judgment in favor of the FDIC-R and against Defendants.

## I. BACKGROUND

On August 7, 2007, Innovative Bank loaned Hyun $1,400,000.00 pursuant to a promissory note.[1] The note provided that the debt would be payable in monthly payments sufficient to amortize the note in twenty-five years, and bearing interest on unpaid principal from the date of the note at the rate of 0.75 percent per annum above the prime rate, after an initial rate of 9% percent

[1] *See* Docket No. 14 Ex. 2 at 38.

per annum, adjusted quarterly.[2] As part of the same loan transaction, Cardiografix made and delivered its written guaranty of this debt.[3] On Friday, April 16, 2010, Innovative Bank was closed by the California Department of Financial Institutions, and FDIC-R was named Receiver.[4]

As receiver for Innovative Bank, FDIC-R succeeded to all rights, titles, powers, and privileges of Innovative Bank under the Note and the Business Loan Agreement, and is entitled and obliged to collect moneys due and owing to Innovative Bank under the note.[5] Hyun has defaulted by failing to make payment as required by the note, and resulting in a debt to FDIC-R in the principal amount of $1,375,709.25, plus accrued interest in the amount of $185,853.05 through August 22, 2012, plus late fees of $17,539.65 through August 22, 2012.[6] After that date, interest has continued to accrue on the unpaid principal at the rate of $150.76 per diem, and will continue to accrue at that rate until time of judgment.[7]

FDIC-R filed its complaint on September 11, 2012 and based on the facts above alleged four causes of action against Defendants: (1) enforcement of the note against Hyun; (2) indebtedness against Hyun; (3) account stated against Hyun; and (4) enforcement of the guaranty against Cardiografix.[8] Although Defendants answered FDIC-R's complaint and denied several of its allegations, Defendants admit that "certain funds are due and owing pursuant to the" note,[9]

---

[2] *See id.*

[3] *See id.* at 51.

[4] *See id.* at 10.

[5] Pursuant to FDIC-R's request, the court takes judicial notice that FDIC-R was appointed receiver of Innovative Bank and has rights to pursue debts owed to Innovative Bank. *See* Docket No. 15.

[6] *See* Docket No. 14 Ex. 2 at 71-72.

[7] *See id.* at 76.

[8] *See* Docket No. 1.

[9] Docket No. 12.

admitted other facts in response to FDIC-R's requests for admission,[10] have not opposed FDIC-R's summary judgment, and have not presented evidence disputing these facts.

## II. LEGAL STANDARDS

Summary judgment is proper if there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[11] The moving party bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a triable issue of material fact.[12] If the moving party meets its initial burden, then the non-moving party must set forth specific facts showing that there is a genuine issue for trial.[13] A genuine issue for trial exists if there is sufficient evidence for a reasonable jury, viewing the evidence in the light most favorable to the non-moving party, to return a verdict for the nonmoving party.[14] If the nonmoving party fails to make the requisite showing, "the moving party is entitled to judgment as a matter of law."[15]

## III. DISCUSSION

### A. Enforcement of the Promissory Note

"A promissory note is a contract in writing."[16] Accordingly, to prove its first cause of action, FDIC-R must prove "(1) the existence of a contract between the parties; (2) the plaintiff's

---

[10] *See* Docket No. 14 Ex. 1 at 51-52, 56-57; *see also id.* at 20-21.

[11] Fed. R. Civ. P. 56(a).

[12] *See* Fed. R. Civ. P. 56(c)(1); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[13] Fed. R. Civ. P. 56(e).

[14] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[15] *Celotex*, 477 U.S. at 323.

[16] *Trigg v. Arnott*, 22 Cal. App. 2d 455, 457 (1937).

performance or excuse for nonperformance; (3) the defendant's failure to perform (breach); and (4) resulting damages."[17]

Both Defendants concede the existence of the debt and that the note is genuine.[18] Accordingly, FDIC-R establishes the first element of this cause of action. FDIC-R also presents admissible evidence that its predecessor, Innovative Bank, performed its obligation under the Note by disbursing borrowed funds in the amount of $1,400,000.00 to Dr. Hyun.[19] Both Defendants have implicitly admitted this by admitting the resulting debt,[20] as well as by executing the note and the guaranty. FDIC-R thereby establishes the second element of this cause of action.

Both Defendants admit that Hyun defaulted on the Note by failing to make required payments[21] that Hyun is indebted for amounts due,[22] and that Hyun owes unpaid principal, unpaid interest, and late fees.[23] The note requires Hyun to make monthly payments,[24] which both Defendants admit he has not made.[25] Both Defendants also admit that they received FDIC-R's notice of acceleration on or about August 29, 2012.[26]

---

[17] *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1388 (1990) (citing *Reichert v. Gen. Ins.Co.*, 68 Cal. 2d 822, 830 (1968)).

[18] *See* Docket No. 14 Ex. 1 at 51, 56-57; *see also id.* at 20-21.

[19] *See* Docket No. 14 Ex. 2 at 56-57, 61-69.

[20] *See* Docket No. 14 Ex. 1 at 51, 56-57; *see also id.* at 20-21.

[21] *See id.* at 51, 56; *see also id.* at 20-21.

[22] *See id.* at 51, 56; *see also id.* at 20-21.

[23] *See id.* at 51, 56; *see also id.* at 20-21.

[24] *See* Docket No. 14 Ex. 2 at 10.

[25] *See* Docket No. 14 Ex. 1 at 51, 56-57; *see also id.* at 20-21.

[26] *See* Docket No. 14 Ex. 1 at 52, 57; *see also id.* at 20-21.

FDIC-R has presented with admissible evidence that the principal amount due from Dr. Hyun is $1,375,709.25, that the unpaid interest due as of August 22, 2012 was $185,853.05, that the unpaid late fees due as of that date were $17,539.65, and that interest has continued to accrue on the unpaid balance since August 22, 2012 at the rate of $150.76 per diem.[27] The total of those amounts is the measure of damages for the admitted breaches of his duties under the note.[28]

Concurrently with the note, as part of the same transaction and for the same consideration, Hyun and Innovative Bank entered into a Business Loan Agreement by which those parties agreed that Hyun would pay Innovative Bank's legal costs, including attorneys' fees, for any action such as this one.[29] FDIC-R has presented admissible evidence that it is the duly-appointed receiver of the original holder of the note and the original disburser of the loan proceeds to Hyun – Innovative Bank.[30] As such, FDIC-R has the power and the duty under the laws of the United States "to collect all obligations and money due to [that] institution."[31] Accordingly, FDIC-R is the only party authorized to receive judgment for the damages arising from Hyun's breaches of his duties under the note.

For these reasons, FDIC-R is entitled to judgment in the amounts of $1,375,709.25 in unpaid principal; $185,853.05 in accrued interest through August 22, 2012; $17,539.65 in late fees through August 22, 2012; and interest after August 22, 2012 at the rate of $150.76 per diem up until the time of judgment.[32] In addition, FDIC-R is entitled to recover its legal costs, including reasonable attorneys' fees, incurred in bringing this action.

---

[27] *See* Docket No. 14 Ex. 2 at 4-5, 71-78.

[28] *See* Cal. Civ. Code § 3300.11

[29] *See* Docket No. 14 Ex. 2 at 47.

[30] *See id.* at 2, 9-14.

[31] *See* 12 U.S.C. § 1821(d)(2)(B)(ii)(2006).

**B. Indebtedness**

"In the common law action of general assumpsit, it is customary to plead an indebtedness using 'common counts.'"[33] "The only essential allegations of a common count are '(1) the statement of indebtedness in a certain sum, (2) the consideration, i.e., goods sold, work done, etc., and (3) nonpayment.'"[34] "A cause of action for money had and received is stated if it is alleged the defendant is indebted to the plaintiff in a certain sum for money had and received by the defendant for the use of the plaintiff.[35]

The note given by Hyun to Innovative Bank is a formal and explicit statement of indebtedness in a certain sum. Both Defendants admit that it is genuine.[36] The first element is not subject to legitimate dispute. As to the second element, FDIC-R presents evidence that Innovative Bank and FDIC-R have both served Hyun with subsequent statements of his indebtedness in sum certain that account for the repayments he did make.[37] Both Defendants admit that Hyun received the notice from FDIC-R.[38] Neither Defendant challenged the accuracy of the amounts stated as due during discovery.[39] In addition to Defendants' tacit admissions that FDIC-R accurately states the amount of Hyun's indebtedness, FDIC-R presents admissible evidence of the amount of his

---

[32] *Anderson*, 477 U.S. at 248-49.

[33] *Farmers Ins. Exch. v. Zerin*, 53 Cal. App. 4th 445, 460, (1997).

[34] *Id.* (quoting 4 Witkin, Cal. Procedure (3d ed. 1985) § 508, at 543).

[35] *Id.* (internal citations and quotations omitted).

[36] *See* Docket No. 14 Ex. 1 at 52, 57; *see also id.* at 20-21.

[37] *See id.* at 2, 5-17; Docket No. 14 Ex. 2 at 2, 20-21.

[38] *See* Docket No. 14 Ex. 1 at 52, 57; *see also id.* at 20-21.

[39] *See id.* at 51, 56-57; *see also id.* at 20-21.

United States District Court
For the Northern District of California

indebtedness.[40] FDIC-R has submitted evidence that Innovative Bank, in consideration of the Dr. Hyun's promises to pay stated in the Note, and in consideration of the Guaranty, disbursed $1,400,000 in the manner requested by Hyun,[41] and Defendants have implicitly admitted that disbursement.[42] In sum, FDIC-R has presented admissible evidence of the consideration given by Innovative Bank and received by Hyun for this debt and the amount of Hyun's indebtedness.

As to the third element, Defendants admit non-payment. Accordingly, FDIC-R is entitled to judgment in the amounts of its and Innovative Bank's statements of account: $1,375,709.25 in unpaid principal; $185,853.05 in accrued interest through August 22, 2012; $17,539.65 in late fees through August 22, 2012; and interest after August 22, 2012 at the rate of $150.76 per diem up until the time of judgment.

**C. Account Stated**

"The essential elements of an account stated are: (1) previous transactions between the parties establishing the relationship of debtor and creditor; (2) an agreement between the parties, express or implied, on the amount due from the debtor to the creditor; (3) a promise by the debtor, express or implied, to pay the amount due."[43]

As to the first element, FDIC-R's predecessor, Innovative Bank, loaned Hyun $1,400,000 on the terms stated in the note,[44] a transaction that established a debtor-creditor relationship in the customary fashion. As to the second element, Hyun executed the note, establishing the initial amount due by express agreement and the terms on which interest and late fees would accrue

---

[40] *See* Docket No. 14 Ex. 2 at 4-5, 71-78.

[41] *See* Docket No. 14 Ex. 2 at 56-57, 61-69.

[42] *See* Docket No. 14 Ex. 1 at 52, 57; *see also id.* at 20-21.

[43] *Zinn v. Fred R. Bright Co.*, 271 Cal. App. 2d 597, 600 (1969).

[44] *See* Docket No. 14 Ex. 2 at 25-36; *Id.* Ex. 1 at 52, 57; *see also id.* at 20-21.

United States District Court
For the Northern District of California

and/or have to be paid.[45] Until April 9, 2009, Hyun made payments based on the terms in the note,[46] implicitly establishing the lack of any dispute concerning the amount of the initial debt. On March 23, 2009, Innovative Bank sent Hyun a notice of intent to accelerate the amount then due under the note.[47] That notice of intent to accelerate stated the amounts due on account by Hyun on the loan as of March 23, 2009 to be $1,375,709.25 principal outstanding, $19,701.26 accrued interest, and $4,738.82 late charges.

On August 28, 2012, FDIC-R, through counsel, again sent Hyun a notice of acceleration. That notice stated that the amounts due and owing as of August 22, 2012 were $1,375,709.25 in unpaid principal; $185,853.05 in accrued interest through August 22, 2012; $17,539.65 in late fees through August 22, 2012, and that interest continued to accrue after that date at the rate of $150.76 per diem.[48] Hyun admits that principal, interest, and late fees are due and also admits that he has not made his own calculation of the precise amounts due.[49] Cardiografix makes identical admissions.[50]

Hyun's silence over time after receipt of these statements is an admission that they are accurate.[51] The same may be said of his failure to raise an alternative accounting while discovery was open after being served with requests that he admit these amounts to be correct and his

---

[45] *See Zinn*, 271 Cal. App. 2d at 600.

[46] *See* Docket No. 14 Ex. 2 at 4, 71-72.

[47] *See id.* at 4, 74.

[48] *See* Docket No. 14 Ex. 1 at 5-6; *see also id.* at 12-17.

[49] *See id.* at 51; *see also id.* at 20-21.

[50] *See id.* at 56; *see also id.* at 20-21.

[51] *See Trafton v. Youngblood*, 69 Cal. 2d 17, 24 (1968) ("If the account be sent to the debtor, and he do not object to it within a reasonable time, his acquiescence will be taken as an admission that the account is truly stated.").

United States District Court
For the Northern District of California

admission that he had no alternative accounting. There clearly is no legitimate dispute between the parties as to the amount due, either prior to this action, or during discovery. This evidence is sufficient to establish the second element – that the parties agree that these amounts are owed by Hyun to FDIC-R.[52]

The note establishes the third element of FDIC-R's third cause of action for account stated because it is an express promise by Hyun to pay this debt to FDIC-R's predecessor in interest, Innovative Bank. Accordingly, FDIC-R is entitled to summary judgment against Hyun on its third cause of action for account stated.

**D. Guaranty**

The elements a party must prove to obtain judgment against a guarantor are: (1) that the guarantor guaranteed payment of a debt under the note; (2) that the debtor defaulted on its payment obligations under the note; (3) that the creditor notified the guarantor of that default; and (4) that the guarantor did not remit the funds due under the guaranty.[53] In the present case, however, FDIC-R is not required to prove the third element – that it gave Cardiografix any notice of Hyun's default or demand that it cure that default. That proof is unnecessary as a matter of statute.[54] Even without that statute, proof of notice or demand would be unnecessary in this case because the Cardiografix Guaranty explicitly states that such notice is unnecessary.[55] Accordingly, FDIC-R need only come forward with competent evidence of the first, second, and fourth elements.

---

[52] *See Trafton*, 69 Cal. 2d at 24.

[53] *See Torrey Pines Bank v. Super. Ct.*, 216 Cal. App. 3d 813, 819 (1989).

[54] *See* Cal. Civ. Code § 2807 ("A surety who has assumed liability for payment or performance is liable to the creditor immediately upon the default of the principal, and without demand or notice.").

[55] *See* Docket No. 14 Ex. 2 at 52 ("Guarantor waives any notice of : . . . Presentment. . . or demand."); *see also Bloom v. Bender*, 48 Cal. 2d 793, 799 (1957) ("Defendant's contention that notice to her of Midwest's default in payment was a condition precedent to liability is without merit. Neither the law nor the subject agreement requires such notice.").

Nonetheless, FDIC-R presents evidence of all four of those elements and the court considers all of the elements.

As to the first element, Defendants both admit that Cardiografix guaranteed payment of Hyun's debt.[56] As to the second element, Defendants both admit that Hyun defaulted on his payment obligations under the note.[57] Cardiografix has not remitted the amounts stated therein to FDIC-R.[58]

As to the third element, even though FDIC-R need not prove it pursuant to the express statutory provisions of California Civil Code Section 2807 and the express contractual terms of the guaranty itself, FDIC-R presents evidence that it notified Cardiografix of Hyun's default in three ways. First, it served the notice of acceleration on Hyun at the office of his corporation, Cardiografix.[59] Second, it has done so by serving Cardiografix with the summons and complaint in this action.[60] Third, during discovery, FDIC-R served Cardiografix a formal request that it admit that Hyun defaulted on the note, and Cardiografix admitted that default.[61] Any one of those notices would be sufficient to prove the third element of this claim, even if FDIC-R needed to prove that element, which it does not.

As to the fourth element, despite Cardiografix's knowledge of Hyun's failure to pay his

---

[56] *See* Docket No. 14 Ex. 1 at 52, 57; *see also id.* at 20-21.

[57] *See id.* at 51, 56; *see also id.* at 20-21.

[58] *See* Docket No. 14 Ex. 2 at 5, 78.

[59] *See* Docket No. 14 Ex. 1 at 5-17.

[60] In at least one other area of law, where one element of a claim is that notice must be given, the notice given by service of a complaint is statutorily adequate for that purpose. *See* Cal. Civ. Code § 1691 ("When notice of rescission has not otherwise been given or an offer to restore the benefits received under the contract has not otherwise been made, the service of a pleading in an action or proceeding that seeks relief based on rescission shall be deemed to be such notice or offer or both.").

[61] *See* Docket No. 14 Ex. 1 at 56; *see also id.* at 20-21.

debt, Cardiografix has not paid it.[62] Accordingly, Cardiografix is liable on the guaranty for Hyun's debt and his default on the note in the amounts of of $1,375,709.25 in unpaid principal; $185,853.05 in accrued interest through August 22, 2012; $17,539.65 in late fees through August 22, 2012; and interest after August 22, 2012 at the rate of $150.76 per diem up until the time of judgment, and summary judgment should be entered against Cardiografix in those amounts.

For the foregoing reasons, Plaintiff Federal Deposit Insurance Corporation as receiver for Innovative Bank is entitled to summary judgment in its favor, and against each of David Hyun and Cardiografix, Inc., in the following amounts:

(1) $1,375,709.25 in unpaid principal;

(2) $185,853.05 in accrued interest through August 22, 2012;

(3) $17,539.65 in late fees through August 22, 2012;

(4) Interest after August 22, 2012 at the rate of $150.76 per diem up until the time of judgment; and

(5) For FDIC-R's costs of suit and attorneys' fees according to proof after entry of judgment.

Pursuant to the parties' agreement, the court will wait to enter judgment for 90 days following this order. At that time, the parties shall file a joint request for entry of judgment.

**IT IS SO ORDERED.**

Dated: June 26, 2013

PAUL S. GREWAL
United States Magistrate Judge

[62] *See* Docket No. 14 Ex. 2 at 5, 78.