**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| FEDERAL DEPOSIT INSUANCE CORPORATION, IN ITS CAPACITY AS RECEIVER FOR INNOVATIVE BANK, et al.<br><br>Plaintiffs,<br><br>v.<br><br>DAVID HYUN M.D., and CARDIOGRAFIX, INC.<br><br>Defendants. | Case No. 5:12-CV-04749<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ASSIGNMENT AND RESTRAINING JUDGMENT DEBTOR**<br><br>[Re: ECF 45] |

On October 7, 2016, Plaintiff and Judgment Creditor Federal Deposit Insurance Corporation ("FDIC") filed a motion for Judgment Debtor David Hyun and Cardiographix, Inc. (collectively, "Hyun") to assign "to the extent necessary to satisfy the judgment in full," "interest in all fees for service payments, percent discounts from charges and per diem on daily rates, and case rates" earned as an independent contractor, in any funds due and owing to Hyun, and in all rights to payment. Mot. 1-2, ECF 45. FDIC also moved for an order restraining Hyun from encumbering, assigning, hypothecating, disposing, or spending all fees from service payments, percent discounts from charges and per diem or daily rates and case rates earned as an independent contractor, and any funds due and owing Hyun, and all rights to payment. *Id.* at 2.

For the reasons set forth below, the Court GRANTS IN PART and DENIES IN PART FDIC's motion for assignment order and for restraining order against Hyun.

**I. BACKGROUND**

In 2013, the Court granted summary judgment and entered judgment against Hyun for

1   defaulting on a loan pursuant to a promissory note to Innovative Bank.  ECF 22.  The Court issued

2   orders awarding damages, costs of suit, and attorneys' fees to FDIC, as receiver for Innovative

3   Bank.  *Id.*; ECF 36.  On February 10, 2016, through a series of assignments, CadleRock III, LLC

4   ("Assignee of Record") became the assignee of record for both the judgment and the attorneys'

5   fees award.  ECF 37-40.

6        After judgment was entered, FDIC conducted an asset search in an effort to satisfy this

7   judgment without success.  Memorandum in support of Mot. ("Mem.") 5, ECF 45.  Through its

8   search, however, FDIC became aware that Hyun "possesses a right to payments due or will

9   become due, including all fees for service payments, percent discounts from charges and per diem

10  or daily rates and case rates fees from Aetna, Inc., Blue Shield, of California, Cigna Corporate

11  Headquarters, and United Health Care for services rendered as an independent contractor." *Id.*

12  With late fees, interests, unpaid principal, and legal fees, the balance owed to date is

13  $1,010,561.18.  Mot., Isler Decl. ¶ 4, ECF 45-3.  FDIC then moved this court for an assignment

14  order for 25% of the aforementioned payments and an order restraining Hyun.  Proposed Order,

15  ECF 45-3; Reply 2, ECF 50.

16  **II.   LEGAL STANDARD**

17       Pursuant to Federal Rule of Civil Procedure 69, a federal court may enforce a money

18  judgment in accordance "with the procedure of the state where the court is located, but a federal

19  statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1).  Under California law, where a

20  judgment creditor can identify a person or entity obligated to make payment to the judgment

21  debtor, and where the right to payment is assignable, the right to payment may be assigned from

22  the third party obligor to the judgment creditor.  Cal. Civ. Proc. Code § 708.510(a).

23       In determining whether to order an assignment or the amount of an assignment, the court

24  may take into consideration all relevant factors, including the following:

25       (1) The reasonable requirements of a judgment debtor who is a
    natural person and of persons supported in whole or in part by the
26       judgment debtor.
    (2) Payments the judgment debtor is required to make or that are
27       deducted in satisfaction of other judgments and wage assignments,
    including earnings assignment orders for support.
28       (3) The amount remaining due on the money judgment.

>(4) The amount being or to be received in satisfaction of the right to payment that may be assigned.

Cal. Civ. Proc. Code § 708.510(c).

Notwithstanding, "[w]here a specific amount of the payment or payments to be assigned is exempt by another statutory provision, the amount of the payment or payments to be assigned pursuant to subdivision (a) shall not exceed the amount by which the payment or payments exceed the exempt amount." Cal. Civ. Proc. Code § 708.510(f).

### III.   DISCUSSION

FDIC argues that an order for assignment is necessary for it to reach forms of property that cannot be reached by levy under a writ of execution, such as accounts receivables. Mem. 3 (citing Cal. Civ. Proc. Code § 708.510). FDIC further contends that Hyun could easily evade judgment without an order restraining him from encumbering, assigning, or spending payments for his work as an independent contractor. *Id.* at 5-6. According to FDIC, payments to Hyun as an independent contractor lack documentation and may not be reported. *Id.*; Isler Decl. ¶ 10. FDIC requests this Court to assign it rights to 25% of all the aforementioned payments to Hyun. Reply 2; Proposed Order.

In opposition, Hyun argues that no assignment should be ordered because all his income is necessary for him and his household. Specifically, Hyun claims that the 25% requested by FDIC is inappropriate given that he is left with only $2,411 per month after business and household expenses. Opp. 4. Hyun further argues that his business and bank accounts have already been levied, that he has already made a substantial payment, and he has attempted to negotiate a settlement to no avail. *Id.* at 5, 8. In support of these arguments, Hyun urges this Court to consider "[t]he reasonable requirements of a judgment debtor who is a natural person and of persons supported in whole or in part by the judgment debtor." *Id.* at 4 (citing Cal. Civ. Proc. Code § 708.510(c)(1)). In addition, Hyun contends that statutes pertaining to wage garnishment should also apply here despite the fact that the motion is for an assignment order. California statutes governing assignment similarly provide an exemption at least for "[p]roperty which is necessary for the support of a defendant who is a natural person or the family of such defendant supported in whole or in part by the defendant." *Id.* at 3-4 (citing Cal. Civ. Proc. Code § 487.020).

3

1   Lastly, Hyun attacks the requested assignment as overly broad and lacking particularity as to

2   whether the "judgment debtor actually possesses assignable property." *Id.* at 6-7 (citing *Icho v.*

3   *PacketSwitch.com, Inc.*, No. 1-20858-LHK-PSG, 2012 WL 4343834, at *1 (N.D. Cal. Sept. 21,

4   2012)).

### A. The Reasonable Requirements of a Judgment Debtor and Payments that Are Required to be Made

The Court first analyzes whether Hyun is entitled to claim an exemption for all of the payments to him based on Hyun's "reasonable requirements" and the payments that Hyun is required to make. The Court will also consider statutes and case law relating to wage garnishment here, as the payments to Hyun as an independent contractor could be analogized to "earnings," as defined in wage garnishment law. Cal. Civ. Proc. Code § 706.011 (defining "earnings" to mean "compensation payable by an employer to an employee for personal services performed by such employee, whether denominated as wages, salary, commission, bonus, or otherwise").

The amount of a debtor's earnings that a creditor may garnish is generally limited to 25% of the debtor's disposable earnings. *Id.* § 706.050(a)(1). What counts as "necessary for support" of a judgment debtor's family is ill-defined. *Choice Hotels Int'l, Inc. v. Penta Denver, LLC*, No. 13-80249-WHA-JSC, 2015 WL 3830691, at *3 (N.D. Cal. June 19, 2015). In making a determination, courts should consider all income available to the judgment debtor and his family, including the separate earnings of the spouse. Cal. Civ. Proc. Code § 703.115 ("[T]he court shall take into account all property of the judgment debtor and, to the extent the judgment debtor has a spouse and dependents or family, all property of such spouse and dependents or family, including community property and separate property of the spouse, whether or not such property is subject to enforcement of the money judgment."). However, courts should ensure that the judgment debtor "retain[s] enough money to maintain a basic standard of living, so that the debtor may have a fair chance to remain a productive member of the community." *Barnhill v. Robert Saunders & Co.*, 125 Cal. App. 3d 1, 6 (Ct. App. 1981). Lastly, as to the "reasonable requirements" for supporting Hyun and his family, it is Hyun's burden to show any limitations on his ability to satisfy a money judgment. Cal. Civ. Proc. Code § 703.850(b).

Here, Hyun has submitted a declaration and his 2014 joint tax return in support of his opposition. Ex. C to Hyun Decl., ECF 48-1. Given FDIC's lack of objection, the Court will assume that the numbers on this tax return reflect his current financial situation. Ex. B to Hyun Decl. However, Hyun's declaration and submitted exhibits fail to make clear many issues important for the Court's determination. First, Hyun fails to explain why additional income is not taken into account. For example, line 31 of Schedule C shows that the net profit from the business is $408,672 but the total business income reflected on line 12 of the 1040 tax return is $477,097. Exs. B, C to Hyun Decl. Line 7 of the tax return also shows that there are wages and salaries from Hyun, his spouse, or some other sources. Exs. B and C to Hyun Decl. However, neither the opposition nor the declaration explains the sources of these wages and salaries and the additional business profit. The statute requires the Court to consider all property of the debtor, including that of a spouse even if such property may not be subject to judgment. Cal. Code Civ. Proc. § 703.115. Second, Hyun conclusorily states he is responsible for half of the expenses of his household, and half of the tax liability without explanation. Ex. C to Hyun Decl. ¶ 16. Third, the Court finds no support anywhere in the declaration or the exhibits why an additional amount of $21,800 of taxes should be added to Hyun's monthly household expenses at line 15 of "Current Expenses." Ex. D to Hyun Decl. Finally, Hyun also fails to explain why he further deducts $4,000 as rent for his business Cardiographix, Inc., when this deduction is a business expense that has already been taken into account to calculate the net profit from his business. Ex. B to Hyun Decl.

Because the information provided is inadequate for the Court to consider all of Hyun's property and to follow the calculations set forth in Hyun's declaration, Hyun fails to satisfy his burden to show any limitations on his ability to satisfy a money judgment and his argument against any assignment is without merit.

In light of the information submitted to the Court, the Court makes the following findings with respect to Hyun's "reasonable requirements" and the payments that Hyun is required to make. First, the Court does not reduce Hyun's monthly household expenses, except to disallow an additional amount of $21,800 in taxes. Although FDIC argues that Hyun's monthly household expenses are extravagant, it fails to identify any itemized amount that should be reduced. Reply 2-

1    3. For a family of five living in the San Francisco Bay Area, the Court finds that the expenses
2    listed are reasonable. Ex. D to Hyun Decl. For example, expenses such as a monthly rent of
3    $7,400, food cost of $1,500, and educational expenses of $6,000 for three children, are comparable
4    to what an average family living in this area might spend. *Id.*

5    Second, the Court notes that Hyun's total income is $481,052, shown at line 37 of Hyun's
6    1040 tax return as adjusted gross income. Ex. C to Hyun Decl. Line 63 of the tax return also
7    shows taxes paid in the amount of $141,573. *Id.* Hyun's household should then have about
8    $339,478 in net income after taxes, averaging to $28,289.83 per month. Hyun's monthly
9    household expenses are about $21,692, after disallowing the $21,800 in taxes. Ex. D to Hyun
10   Decl. Subtracting the monthly expenses from the monthly income leaves about $6,597.83 of
11   disposable income per month. Accordingly, the Court finds that Hyun has about $6,597.83 of
12   disposable income per month.

### B.   Amount Remaining Due and Amount to be Received

Turning to the remaining factors the Court may consider under section 708.510(c), the "amount remaining due on the money judgment," and the "amount to be received," the Court finds that the current judgment amount of $1,010,561.18 remains substantial. Cal. Civ. Proc. Code § 708.510. If substantial payments are not continuously made, the accruing interest on the amount would only make the judgment more difficult to satisfy. Hyun argues that he had already paid a substantial portion and attempted to further negotiate to settle this debt, so these factors should weigh against assignment. Opp. 4-5. Although Hyun's past payments and the effort to reach a settlement with the debtor are commendable, these reasons alone do not absolve Hyun of his obligation to satisfy the judgment.

After considering all the factors, the Court finds that all of Hyun's monthly disposable income of $6,597.83 should be assigned to satisfy the judgment. The Court recognizes that his household expenses are reasonable except for the amount of additional taxes. *Barnhill*, 125 Cal. App. at 6 (holding that some money should be retained for "the debtor may have a fair chance to remain a productive member of the community"). In light of the available information submitted to the Court, the Court finds that $6,597.83 per month (or approximately $79,173.96 per year) out

6

1  of his gross payment of fees requested by FDIC here is reasonable and should be assigned to
2  satisfy the judgment.  *See* Ex. B to Hyun Decl.  An amount of $79,173.96 per year is about 9% out
3  of $884,314, the gross payment of fees shown at line 1 of Schedule C.  Ex. B to Hyun Decl.

### C. Particularity of FDIC's motion for assignment

Lastly, Hyun's argument that the assignment request lacks particularity is without merit. In *Icho*, the plaintiff sought assignment without listing any person or entities as the source of the right to payment.  2012 WL 4343834, at *1.  Instead, the plaintiff merely requested assignment of proceeds "arising out of [debtor's] activities as an entertainer, television and theatrical performer, singer, songwriter, dancer, promoter, producer, consultant, inventor, investor, lecturer, speaker, publicist, and entrepreneur, or the like."  *Id.*  The court there denied the motion for an assignment order because no sources had been identified as the source of the right to payment.  *Id.* at 2.  The court additionally noted that that Section 708.510 does not require "detailed evidentiary support for the request," as long as the creditor describes "the sources of the right to payment with sufficient detail so that [debtor] can file a claim of exemption or other opposition."  *Id.* at 2.

Here, FDIC has adequately listed Aetna, Inc., Blue Shield, of California, Cigna Corporate Headquarters, and United Health Care as the sources of the rights to payment.  This list and other information in its motion were sufficiently particular for Hyun to file a claim of exemption and an opposition.  Other cases cited by Hyun are similarly distinguishable and do not compel a different conclusion.  *E.g.*, *Garden City Boxing Club, Inc. v. Briano*, No. 06-1270, 2007 WL 4463264, at *1 (E.D. Cal. Dec. 17, 2007) (finding that a general assignment of all possible funds failed to identify any specific source of money to be assigned).  Accordingly, FDIC's motion for an assignment does not lack particularity.

### IV. ORDER

Hyun, the judgment debtor has not met his burden of showing that the entire amount of his right to payment is necessary to support his family.  Accordingly, the Court DENIES the judgment debtor's claim of exemption of all of his rights to payment for necessary support.  The Court then GRANTS IN PART FDIC's motion for assignment, in which all rights to 9% of all fees, commission, and other payments owed to David Hyun and/or Cardiografix, Inc. from Aetna, Inc.,

7

Blue Shield, of California, Cigna Corporate Headquarters, and United Health Care are ASSIGNED to the Assignee of Record, CadleRock III, LLC, until such time as the judgment herein and the associated attorneys' fee award are fully satisfied or this order is amended.

The Court further ORDERS Aetna, Inc., Blue Shield, of California, Cigna Corporate Headquarters, and United Health Care to pay 9% of all fees for service payments, percent discounts from charges and per diem or daily rates and case rates owed to David Hyun and/or Cardiograpfix, Inc. to the Assignee of Record, CadleRock III, LLC, to be applied to the judgment and the associated attorneys' fee award until both are fully satisfied or this order is amended.

The Court also ORDERS that David Hyun and Cardiografix, Inc. shall not assign or otherwise dispose of the right to payment assigned to Assignee of Record.

**IT IS SO ORDERED.**

Dated: December 13, 2016

_____
BETH LABSON FREEMAN
United States District Judge